IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,245-02






EX PARTE JOE WRIGHT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-11-5866 IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to fifteen years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because, among other things, he was
threatened and coerced by Deputy Gordon Clark Bohannon. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
guilty plea was voluntary. Specifically, the trial court shall determine whether Deputy Bohannon was
convicted of conspiracy to distribute methamphetamine, and if so, whether his participation in this
conspiracy or other criminal conduct rendered Applicant's guilty plea involuntary. The trial court
shall also determine whether Applicant was charged with the attempted capital murder of Deputy
Bohannon, and if so, whether these charges rendered Applicant's guilty plea involuntary. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the reporter's record
of the plea proceeding, if available, shall also be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 



Filed: September 29, 2010

Do not publish